## STODDARD & HEWETT VS. WATERS.

1. LANDLORD AND TENANT: *Construction of lease.*
   A clause in a lease reserving to the tenant the right to gather the crop after the expiration of the term, entitles him to free ingress and egress so far as is necessary to gather and remove the crop, but does not authorize him to hold over and exclude the landlord after the time at which he was to surrender.

2. ——*Damages where the tenant holds over.*
   Where a tenant holds over after the determination of his lease and interferes with the re-letting of the premises, he is liable for the damage thereby sustained by the landlord.

APPEAL from *Jefferson* Circuit Court.

Hon. HENRY B. MORSE, Circuit Judge.

*Bell & Carlton*, for appellants.

The judgment is irregular, being against one of the defendants "as executrix" and against the other personally.

The lease may be explained by parol evidence of the extent and meaning of the covenants. *Glanton* v. *Anthony*, 15 Ark., 543.

The court erred in giving instructions, *Thompson* v. *Bertrand,* 23 Ark., 731, and the proof did not sustain the verdict.

*Gallagher & Newton*, for appellee.

Cited in support of the instructions, and to show that defendant had no right to complain of them as a whole, *Gibbons* v. *Dillingham*, 10 Ark., 9; *Wood* v. *Wylds*, 11 Ark., 754; *Ingram* v. *Marshall et al*, 23 Ark., 115; *Pleasant* v. *State*, 22 Ark., 215; *Patterson* v. *State*, 15, 396; *Brooks* v. *Peay*, 23d ib.; *McNeil* v. *Arnold*, 17-154.

The jury were judges of the facts and this court will not interfere. *Hubbard* v. *State*, 10 Ark., 378; *Bennett* v. *State*, 13 Ark., 695; *Clark* v. *Bales*, 15 Ark., 452; *Sparks* v. *Beavers*, 11 Ark., 640; *State Bank* v. *McGuire*, 14 Ark., 530; *Brooks* v. *Perry,* 23 Ark., 32.

They had no right to retain possession, but might go on to gather crop. Taylor, Land. and Ten., sec. 524, p. 387, and secs. 525 and 531-2 and 533.

S. W. WILLIAMS, Special Judge.

The appellee rented her plantation, in Jefferson County, Arkansas, to appellants for the year 1870. The contract of lease was reduced to writing, which, after providing in the usual form for the letting of the plantation for 1870, and the amount of rent to be paid, contained two clauses, upon the construction of which this suit must be determined. They are in the lease numbered three and seven.

Number three is in words following:

" 3.   Said parties of second part (appellants) to *deliver posses-sion* of said *place 1st January, 1871,* in ordinary good repair, wear and tear excepted."

The seventh clause is in words following:

" 7.   The parties of the second part to have the right to gather crop, after the expiration of lease."

The complaint counts on the breach of the third clause, setting forth, in substance, that appellants had not delivered possession on 1st January, 1871, and still retained it when the suit was commenced, in the latter part of February, 1871.   The complaint alleges causes of special damage, among others that appellee had not been able to rent her plantation for 1871.   The answer admits the holding over of the premises, but claims the right to do it under the seventh clause of the contract of lease.

Much is said in the complaint and testimony of appellee, to the effect that appellants had denied to tenants and laborers of appellee admission, and the right to occupy houses and tene-ments on the place after January 1st, 1871, after appellee had made a contract for the renting of the place for 1871.   These charges the appellants, by answer and testimony, endeavor to mitigate, by claiming that they had the right of possession under the lease until they gathered their crop, and that they had exer-cised this right as gently as they could, and in such a manner as to interfere as little as possible with appellee's necessities in pre-paring for another crop.

The solution of this controversy turns upon the proper con-struction of these two clauses in the lease, above copied.

They are unambiguous and clear in their meaning and signifi-cance, and the parties having made a writing the witness of their contract, which contains no latent ambiguity, it is the sole evi-dence of the contract, and proves conclusively that the posses-sion of the place was to be surrendered January 1st, 1871, and

that appellant after that period had a right to gather the crop. We must so construe this contract as to give force to every word, line and clause, if possible. This we could not do if we made the right to gather the crop after January 1st, 1871, nullify clause three, which requires possession to be surrendered on that day. They can be harmonized by holding appellants to their contract to surrender on the first of January, 1871, and holding appellee to hers, to permit appellants to have free ingress and egress upon the land, and to occupy it so far as was necessary to gather and remove their crop. The possession of the place was not surrendered according to the contract; that is admitted and proved by all the witnesses, and the seventh clause of the lease furnished no excuse for this failure. For it only provided for the right of ingress and egress to and from the land on which the ungathered crop was, and the occupancy thereof, as far as necessary to the gathering until a reasonable time after the 1st of January, 1871, was given for gathering the crop of 1870.

If the appellants had desired possession, further than was necessary for this object they should have provided for it in their contract.

The cause was tried and a verdict was rendered for appellee for one thousand dollars damages. Appellants moved for a new trial setting out as grounds therefor:

*First*—That the verdict is contrary to the evidence.

*Second*—That the verdict is contrary to law.

*Third*—That the verdict is contrary to the instructions of the court.

*Fourth*—The court erred in giving fifth and sixth instructions asked for by plaintiff.

The court overruled this motion and appellants presented their bill of exceptions, in which all the testimony and instructions are set out.

The evidence, in addition to what is stated above, tended to prove that appellee had been refused, by appellants and their agent, admission to quarters on the premises, for her tenants and laborers in the latter part of January, 1871, and in consequence thereof, a contract which she had made to rent the place for nine thousand dollars had been abandoned, and later in the season she had taken $6,000 for it from the same parties, who had offered nine thousand in January, 1871, which was all they were willing to give so late in the season. While there is some evidence on the part of appellants tending to mitigate the effects of these facts which the jury no doubt considered, as we infer from the verdict, we cannot say that this verdict is without evidence to support it. There is nothing, therefore, in the first ground of the motion for a new trial.

The second must be determined by the instruction which we presently consider.

The third ground is of no moment, as there was no instruction of the court below, which gave the law of the case, against which the verdict at all militates.

The errors that were committed by the Court below in receiving parol evidence to vary and explain the terms of the lease, and in giving for appellants, and refusing to appellee certain instructions in reference to written and parol testimony were all in favor of appellants, and to appellee's prejudice.

Appellants' first instruction, which was the only one which the court refused to give, is in these words:

"*First*—If the jury believe from the evidence, that by the lease made between the plaintiff and the defendants for the year 1870, the defendants had the right, after the expiration of the lease for said year, to gather the ungathered crops upon the premises leased, and the defendants used due diligence in the gathering

Stoddard & Hewett vs. Waters.

of said crops, and delivered possession of said premises, when said crops were gathered, the jury must find for defendants."

In the light of the evidence and with the construction we have put upon this lease, it is clear that this instruction was properly refused.

The lease being unambiguous as any other deed should have been construed by the court, and it properly declined to mislead the jury, by the instruction, to believe that they might construe the clause seven, so as to make it override and nullify the third clause of the lease, which unqualifiedly required the premises to be surrendered on the 1st day of January, 1871, and thereby postpone appellee's right to possession to a period subsequent to January 1st, when appellants' "due diligence" in gathering their crop, and not lapse of time, would perfect appellee's right to possession. The court could not have lawfully so instructed the jury.

Did the court err in giving the 5th and 6th instructions asked for by appellee?

They are as follows:

*Fifth*—If the jury believe from the evidence that defendants held the premises over the term for which they had leased them, and that such holding over was in violation of their written agreement to surrender the same to the plaintiff, they will find for the plaintiff and assess in her favor such damage as they believe from the evidence she has sustained.

*Sixth*—If the jury believe from the evidence the plaintiff let the premises in question to the defendants, and it was agreed and understood between the plaintiff and defendants, that the defendants should be allowed to gather the crop in a reasonable time after the 1st of January, 1871, and that the agreement did not carry with it the right to occupy the tenements upon the premises and that defendants held said tenements, so as to obstruct or prevent the letting of the premises to tenants for the year 1871, or

that defendants extended their privilege of gathering said crop beyond a reasonable time, and that plaintiff was thereby damaged, the jury will assess such damage according to the evidence adduced.

These instructions are good law, when applied to the facts of this case. If there be any error in the 6th, it is in this, that the jury might have inferred from it their right to construe the lease as a matter of fact, so as to defer the time at which possession was to be delivered, upon any contingency, to a period beyond January 1st, 1871, but this was a misleading to appellant's advantage, and they cannot now be heard to complain of it.

The judgment of Jefferson Circuit Court is in all things affirmed.

Mr. Ch. Justice English did not sit in this case.