HENRY v. LOWE, *Appellant.*

1. **Practice in Supreme Court**: GENERAL VERDICT ON SEVERAL CAUSES OF ACTION. The objection that the judgment is founded on a general verdict, while the petition is in several counts and states several and distinct causes of action, cannot be made for the first time in the Supreme Court.

2. **The Trespass Act**: COAL, A "MINERAL" WITHIN ITS MEANING. Coal is one of the "minerals," for the unlawful digging or removal of which, section 3921, Revised Statutes, gives treble damages.

3. ———: JUDGMENT FOR TREBLE DAMAGES: VERDICT. In an action upon the statute for trespass in digging and carrying away coal, it is not always essential that the jury find specifically the value of the coal taken, in order to authorize a judgment for treble damages. If they are limited by the instructions to finding such value, a general verdict will be sufficient.

4. ———: BURDEN OF PROOF. In such an action the burden of proof is upon the defendant to show that he had probable cause to believe the land upon which the trespass was committed to be his own.

5. ———: TREBLE DAMAGES: TENDER. Where in pursuance of a statute a judgment for treble damages is rendered upon a verdict ascertaining the actual damage sustained, no costs will be taxed against the successful party on account of a tender made by the other if the tender was less than the amount of the judgment. It is not sufficient that it was as great as the verdict.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*G. N. Elliott* and *Land & Sparks* for appellant.

1. Plaintiff having one count under the statute, and one count under the common law, and the verdict being

general, without any finding of value, it will be presumed by the court to be for single damages only, and the court has no power to treble the damages.

2. Section 5, chapter 138, Wagner's Statutes, is not found in the revision of 1855, but is section 1 of an act approved February 20th, 1857, and makes no provision in any of its parts for anything but single damages, and provides a remedy and enacts a penalty for a trespass not provided for in the laws of 1855. It is a new statute and not an amendment, and must be regarded as incorporated into the revision of 1865 and Wagner's Statutes with the construction and object had in view by the legislature of 1857.

3. The jury, under the evidence, must have assessed the damages for the trespass under the surface, and under section 5, by which single damages only can be recovered. *Lowe v. Harrison,* 8 Mo. 358; *Ewing v. Leaton,* 17 Mo. 465; *Labeaume v. Woolfolk,* 18 Mo. 514; *Brewster v. Link,* 28 Mo. 147.

4. There was no warrant in the court for trebling the damages, under the evidence, as the defendant is shown to have acted in good faith, that he made both entries on his own land, neither worked himself or permitted his hands to work on the disputed territory after the dispute arose, *Walther v. Warner,* 26 Mo. 143; Townsend Libel & Slander 108, 109; Hilliard on Torts, 283, § 3; §§ 11, 12; 3 Bouvier Inst., 232; Field on Dam., § 63; *Riddick v. Governor,* 1 Mo. 147; *State v. Canton,* 43 Mo. 48.

5. The court erred in overruling motions to tax costs to plaintiff after tender and deposit in court, February 12th, 1877, and the offer of judgment October 9th, 1877. Wag. Stat., 346, § 25; Wag. Stat., 1048, § 51; *Lee v. Stern,* 22 Mo. 575; *Dakin v. Dunning,* 7 Hill 30; *Jahnson v. Sagar,* 10 How. Pr. 552; Parsons on Costs, 81, 82; *Pike v. Johnson,* 47 N. Y. 1; *Johnston v. Catlin,* 57 N. Y. 652; *Abbott v. Wood,* 22 Me. 541.

*Smith & Shirk* for respondents.

1.  Coal is included in section 1.

2.  The burden of proving probable cause was on defendant. *Walther v. Warner*, 26 Mo. 143, 149.

3.  The jury were confined by the instructions to finding the value of the coal taken, and the verdict was responsive to the instructions. Hence this case is distinguishable from *Lowe v. Harrison*, 8 Mo. 350; *Ewing v. Leaton*, 17 Mo. 465; *Labeaume v. Woolfolk*, 18 Mo. 514; *Herron v. Hornback*, 24 Mo. 492; *Brewster v. Link*, 28 Mo. 147; *Shrewsburg v. Bawtlitz*, 57 Mo. 414.

4.  The motion to tax costs after the 12th day of February, 1877, against plaintiff, was properly overruled. It was under section 25, page 346, Wagner's Statutes. It is not within that section. There is no evidence he made any deposit with the clerk. Besides, plaintiff did recover " a larger sum for his damages." It cannot be claimed this section only refers to single damages. It refers to what plaintiff is entitled to recover. For the same reason the motion to tax costs against plaintiff after October 9th, 1877, was properly overruled. It is under section 50, page 1048, Wagner's Statutes. There is no evidence defendant gave notice to or offered plaintiff in writing that he might take judgment for $50. Besides, plaintiff did " obtain a more favorable judgment." Both motions depend on the right of the court to treble the damage. It had that right.

HOUGH, J.—The petition in this case contained two counts, and although there was a general verdict for the plaintiff, it will be unnecessary for us to determine whether these counts stated several and distinct causes of action, or only one cause of action in different forms, inasmuch as no objection was made to the verdict in the court below, and such objection cannot be made for the first time in this court. *Bigelow v. N. M. R. R. Co.*, 48 Mo. 510; *Owens v. Hanni-*

1. PRACTICE IN SUPREME COURT: general verdict on several causes of action.

*bal & St. Joseph R. R. Co.*, 58 Mo. 386, 394. Besides, it appears from the record that the second count was virtually disregarded by the parties at the trial.

The first count was based on the 1st section of the act in relation to trespass, and charged the defendant with willfully digging and carrying away certain coal from the land of the plaintiff, without having probable cause to believe that said land was his own; and prayed for judgment for treble the value of such coal. The jury were instructed to assess the damages, if they found for the plaintiff, at the market value of the coal dug and carried away by the defendant. They returned a verdict for $23.75, which sum was, on motion, trebled by the court, and judgment entered accordingly. It is contended by the defendant that the court erred in trebling the damages, 1st, Because coal is not included in the 1st section of the statute allowing treble damages; 2nd, Because the jury did not find the value of the coal taken; 3rd, Because the defendant had probable cause to believe the land from which the coal was taken, was his own.

The statute gives treble damages against any person who " shall dig up, quarry or carry away any stones, ore 2. THE TRESPASS or mineral, gravel, clay or mould, roots, ACT: coal, a "min- eral" within its fruits or plants," in which he has no interest meaning. or right, and being on land not his own. R. S., § 3921. The statute does not undertake to enumerate the various ores or minerals, for the disturbance or removal of which it allows damages, but it embraces all minerals. Coal is a well known mineral of great value, which has been mined in this State from an early period, and it would appear strange indeed if the law should punish the removal of stone, gravel or clay with treble damages, and allow only single damages for the wrongful removal of coal. This objection is untenable.

Nor is the second objection well taken. The jury were instructed to return a verdict in damages for the mar-

Henry v. Lowe.

3. ———: judg-   ket value of the coal, if they found for the
ment for treble
damages: verdict.   plaintiff, and we are to presume that they did
so; and the court very properly treated the verdict as de-
termining the value of the coal taken.

As to the last objection, we need only say, that the
burden was on the defendant to show that he had probable
4. ———: burden   cause to believe the land to be his own.
of proof.   *Walther v. Warner*, 26 Mo. 143.   This was a
question of fact to be tried by the court, and as there is
ample testimony to support the finding, we are not at lib-
erty to set it aside.

The defendant filed a motion to tax all costs to plaintiff
which accrued after February 12th, 1877, alleging that he
5. ———: treble   had on that day deposited with the clerk for
damages: tender.   the use of the plaintiff the sum of $50 for
damages, and $5.65 for costs then accrued.   This motion
was overruled by the court on the ground that the plaintiff
had recovered "a larger sum for his damages."   The
defendant also filed a motion to tax the costs to the plaintiff
which accrued after October 9th, 1877, for the reason that
he had on that day offered in writing to let the judgment
be entered against him for $50, and the verdict was for less
than that sum.   This motion was likewise overruled by
the court.   The defendant contends that in determination
of these motions the court should have been governed by
the amount of the verdict, and not by the amount for which
judgment was rendered.   We are of opinion that the
amount recovered should control, otherwise the statute
giving treble damages might always be evaded.   The judg-
ment will be affirmed.   The other judges concur.