NICHOLS et al., Appellants, v. LAPPIN, Respondent.

St. Louis Court of Appeals, March 1, 1904.

1. **MORTGAGES AND DEEDS OF TRUST: Landlord and Tenant: Foreclosure.** Under section 4355, Revised Statutes of 1899, a tenant who has a growing crop on premises, sold under a power contained in a mortgage or deed of trust, is not affected as to his interest in such crop.

2. ———: ———: ———. But it is doubtful if such protection is afforded to a tenant against a purchaser who acquires title at a foreclosure by a judicial decree.

3. ———: ———: ———. Where premises were sold under the power in a deed of trust and afterwards, at the suit of the mortgagor, the sale was set aside and a time fixed for redemption by the mortgagor, but the mortgagor failed to redeem and the premises were again sold by the sheriff under the decree, the purchaser at such sale acquired title to the crop growing on the premises at the time, as against a tenant who leased the premises after the first foreclosure sale.

Appeal from Greene Circuit Court.—*Hon. J. T. Neville,* Judge.

REVERSED AND REMANDED.

*Hamlin & Mason* for appellant.

Revised Statutes 1899, sec. 4355. We contend that the evidence in this case wholly fails to establish a tenancy between George and Lorin Lappin. And further, that although a tenancy was established, yet Lorin rented the premises with notice, and we claim that that section applies to tenants without notice.

*Wright Bros. & Blair* and *White & McCammon* for respondent.

As to the legal question raised relative to section 4355 and appellants' contention that this section applies only to tenants "without notice" we most respectfully submit that such a construction of the statute is not consistent with its continued existence. For notice is presumed from the fact of recording, and an unrecorded instrument would not affect any one, even without the protective influence of the section cited. If, therefore, the statute can not help the tenant when the mortgage is recorded and he does not need its aid when it is not recorded, what reason has this section to assign for cumbering the statute books?

GOODE, J.—The purpose of this suit was to have the defendant enjoined from gathering and removing two-thirds of a crop of corn from 28 acres of land in Greene county. That tract was part of a farm of 320 acres formerly owned by the defendant's father George Lappin, who, with his wife Mollie, gave a deed of trust on it July 14, 1900, to Jacob Krieder, trustee, for the benefit of the plaintiff, the Nichols & Sheppard Company, a corporation, and to secure the payment to that company of three promissory notes for $725 each, executed by the grantors George and Mollie Lappin and by this defendant, who, however, was not a party to the deed of trust. On default in payment of the notes, the trustee advertised the land and sold it March 23, 1901, under the power that the deed conferred on him, the purchaser being one of the plaintiffs, E. C. Nichols, to whom a deed for the land was executed by the trustee on that day. George and Mollie Lappin afterwards brought suit in the circuit court of Greene county against the present plaintiffs to have the trustee's sale set aside. That suit proceeded to a judgment during the January term, 1902, to-wit, on April 19, 1902, by which the sale was set aside and George and Mollie Lappin permitted to redeem the land by paying what they owed on the

notes and all costs, on or before June 7, 1902. It was further adjudged that if they failed to pay those sums by the date fixed, the sheriff of Greene county should sell the real estate under a special execution, execute a proper deed to the purchaser and place him in possession of the premises. In the spring of 1902, at just what date was not shown, but, by fair inference, prior to the date of said judgment—that is, prior to April 19th—George Lappin leased the tract on which grew the corn in controversy, to his son Lorin, who planted and raised the crop. His parents failed to redeem their farm on or before June 7th, as the judgment in their favor provided they might, and the sheriff, pursuant to the judgment, advertised it under a special execution August 12, 1902, when it was again bought by E. C. Nichols. In October, George and Lorin Lappin began to gather Lorin's share of the corn crop and put it in the crib. His share was two-thirds of the crop; the other third went to his father for the rent.

This action was instituted to restrain Lorin Lappin from removing the corn and at the same time another action was instituted against George and Mollie Lappin to restrain them. A temporary injunction was granted; but, on the final hearing, was dissolved and the plaintiffs appealed.

As to the contention that the defendant's tenancy was fictitious and trumped up to defraud the plaintiffs, we answer that the evidence to prove that the parcel of ground on which the corn in dispute grew, had been leased by George Lappin to the defendant, is not so weak that we are willing to discard the finding of the court below and hold no leasing was established.

That the growing crop of corn became the property of the plaintiff, E. C. Nichols, as purchaser at the foreclosure sale, unless it was saved to the defendant as tenant by virtue of section 4355 of the Revised Statutes, is conceded. The section reads as follows:

"All mortgages of real or personal property, or both, with powers of sale in the mortgagee, and all sales made by such mortgagee, or his personal representatives, in pursuance of the provisions of such mortgages, shall be valid and binding by the laws of this State upon the mortgagors, and all persons claiming under them, and shall forever foreclose all right and equity of redemption of the property so sold: Provided, that nothing herein shall be construed to affect in any way the rights of a tenant to the growing and unharvested crops on lands foreclosed as aforesaid, to the extent of the interest of such tenant under the terms of contract or lease between such tenant and the said mortgagor or his personal representatives."

Prior to the enactment in 1893 of the proviso to that statute, it was settled law in this State, as it is in most, that a purchaser at a sale foreclosing a mortgage or deed of trust, whether the sale was under a power conferred in the instrument or by virtue of a judicial decree, acquired the growing crops as against a tenant holding under a lease of later date than the incumbrance. Reed v. Swan, 73 Mo. 100; Haydon v. Burkemper, 101 Mo. 644. The proviso was appended to the above statute to protect tenants who happen to have growing crops when a foreclosure sale occurs, against losing the proceeds of their labor. Although the statute mentions nothing but mortgages with a power of sale, it has been extended, by reasonable and fair construction, to deeds of trust. Wells v. Bente, 86 Mo. App. 264. It is a benign law and ought to be given as wide scope as may be, consistently with its terms. But there is grave doubt whether it can be made to protect a tenant against a purchaser of the title at a foreclosure by judicial decree, without going beyond any intention of the legislature to be collected from or consistent with the language used. To extend it over such foreclosures, might enlarge its remedial influence and diminish the

mischief to be obviated; but its terms may be argued with much cogency to forbid that interpretation. The deed of trust on the Lappin farm was not foreclosed finally by virtue of the power of sale contained in the instrument. The statute invoked by the defendant says that all mortgages of real or personal property, with power of sale in the mortgagees, and all sales made by such mortgagees or their personal representatives, *in pursuance of the provision of such mortgages,* shall be valid and binding upon the mortgagors and persons claiming under them. The proviso says that the foregoing clause shall not be construed to affect the rights of a tenant to growing and unharvested crops on the land *foreclosed as aforesaid.* Whether the language of the statute excludes from its efficacy foreclosures by decree of court, may be postponed until some case exacts a decision of the point. In our judgment the facts of this case take it out of the operation of the statute, even if it embraces such foreclosures.

The defendant took a lease from his father early in the spring of 1902, and probably before the sale by the trustee in the deed of trust and the trustee's deed executed pursuant to that sale had been set aside. If he attempted to lease under those circumstances he acquired by the transaction, no rights under the statute in question as against Nichols; for the latter held the title at the time instead of the lessor, George Lappin; and, manifestly, the law does not intend to protect a tenant who leases from a mortgagor after foreclosure. But the trustee's sale and deed were set aside; and thereby the defendant would have been brought within the operation of the statute, if the decree had simply vacated those acts as nullities. But it did more: it fixed a period in which the mortgagees George and Mollie Lappin might redeem the land by paying their debt, and ordered the sheriff to sell it under a special execution if not redeemed in that time, and to put the

purchaser at such sale in possession. Now if the defendant had planted corn before this decree was rendered, he did so while the title was out of his lessor and in the plaintiff, Nichols. If he planted afterwards, he did so in the face of the order making the mortgagor's equity of redemption expire June 7, 1902, and long before a corn crop could mature. Of all these facts he had knowledge when he leased the land and planted the crop. The law is that a person who buys or otherwise obtains an interest in property (except commercial paper) while it is in litigation, acquires his interest subject to the result of the litigation. Buford v. Packet Co., 3 Mo. App. 159; Burnham v. Smith, 82 Mo. App. 35. For reasons at least as strong, if one, who is apprised of the fact, acquires an interest in property already affected by a judgment, he is bound by the judgment.

We think the statute does not interfere with that principle or help a tenant who leases land and puts in a crop with such facts before his eyes. Independently of a statute like ours, one who plants a crop on land after judgment of foreclosure, but before sale, loses the crop if the foreclosure sale occurs while it is standing. Goodwin v. Smith, 49 Kas. 351; Beckman v. Sykes, 35 Kas. 120; Jones v. Adams, 37 Ore. 473; Mo. Valley L. Ins. Co. v. Keihl, 25 Kas. 390. There are decisions to the contrary in Ohio under a statute of that State, and in Nebraska, which adopted the Ohio statute and followed its home construction. But the other doctrine is generally prevalent and is the only one consistent with the law as it stood in this State prior to the enactment of the proviso in question; which was that the growing crops belonged to the purchaser at a foreclosure sale. To our minds it is illogical that an act purporting to protect tenants from losing crops grown on incumbered lands in the event of foreclosure sales, should protect a tenant who plants a crop after a sale has occurred

and during a redemption period which must expire before his crop matures. It would scarcely be contended that if a mortgagor, after default in payment and after notice of sale under the terms of the mortgage, but before sale, should lease the premises to a tenant who knew the facts, the latter would have the benefit of the statute. That contention would enable the mortgagor to enjoy the proceeds of the incumbered land months after he had lost the title and the right to possession; for he might lease for cash instead of a share of the crop, as was done in the present instance. The decree in the suit by the mortgagors not only ordered the sheriff to sell if the debt was not paid by June 7th, but also ordered him to give the buyer possession. The latter order was inconsistent with a right in the defendant to hold the premises until the corn matured and then gather it; and as he leased pending the litigation, and perhaps after the decree, his right as tenant was subordinate to plaintiff's rights under the decree. The judgment in this case is, therefore, reversed and the cause remanded in order that the plaintiffs may be granted a relief by a permanent injunction. *Bland, P. J.,* and *Reyburn, J.,* concur.