*CHARTIERS OIL CO. V. PETER CURTISS ET AL.

1. **Right of Ingress and Egress in Prospecting for or Removing Underlying Minerals Implied and Enforceable by Injunction.**

   The estates represented by ownership of the surface and of underlying mineral rights are mutually dominant and servient, and in a conveyance of the surface there is an implied reservation of right of access to the estate below, and this right may be enforced by injunction.

2. **Machinery and Derricks for Drilling Oil Maintainable but Storage Rights are Limited.**

   The owner of underlying oil and gas rights is entitled to the use of the surface for ingress and egress in drilling a reasonable number of wells and may maintain thereon derricks and other necessary machinery; but storage rights will be limited to such as are incidental to the immediate production and marketing of the oil, and the question of damage to the surface from such operations will be left open for future determination.

   [Syllabus by the court.]

APPEAL from common pleas court.

*D. N. Postlewaite, C. A. Donahue* and *Leo A. Weil,* for plaintiff:

---

*Affirmed, no op., Curtiss v. Oil Co., 88 O. S. 594.

Oil Co. v. Curtiss.

Cited and commented upon by the following authorities:

*Williams* v. *Oil,* 52 W. Va. 181 [43 S. E. Rep. 214; 60 L. R. A. 795]; *Gill* v. *Fletcher,* 74 Ohio St. 302 [78 N. E. Rep. 433; 113 Am. St. Rep. 962]; *Sanxay* v. *Hunger,* 42 Ind. 44; *Chartiers Block Coal Co.* v. *Mellon,* 152 Pa. St. 286 [25 Atl. Rep. 597; 18 L. R. A. 702; 34 Am. St. Rep. 645]; *Pennsylvania Coal Co.* v. *Sanderson,* 113 Pa. St. 126 [6 Atl. Rep. 453; 57 Am. Rep. 445]; *Lillibridge* v. *Coal Co.* 143 Pa. St. 293 [22 Atl. Rep. 1035; 13 L R. A. 627; 29 Am. St. Rep. 544]; *New York & N. E. Ry.* v. *Railroad Commissioners,* 162 Mass. 81 [38 N. E. Rep. 27]; *Marvin* v. *Mining Co.* 55 N. Y. 538, [14 Am. Rep. 322]; *Uhl* v. *Railway,* 47 W. Va. 59 [34 S. E. Rep. 934]; *Porter* v. *Manufacturing Co.* 65 W. Va. 636 [64 S. E. Rep. 853]; Jones, Easements 263; *Brigham* v. *Smith,* 70 Mass. (4 Gray) 297 [64 Am. Dec. 76]; *Pomeroy* v. *Salt Co.* 37 Ohio St. 520; *McCabe* v. *Fross,* 18 Dec. 634 (7 N. S. 261); *National Exch. Bank* v. *Cunningham,* 46 Ohio St. 575 [22 N. E. Rep. 924]; *Baker* v. *Rice,* 56 Ohio St. 463 [47 N. E. Rep. 653]; *Meredith* v. *Frank,* 56 Ohio St. 479 [47 N. E. Rep. 656]; *Detlor* v. *Holland,* 57 Ohio St. 492 [49 N. E. Rep. 690; 40 L. R. A. 266]; *Kelley* v. *Oil Co.* 57 Ohio St. 317 [49 N. E. Rep. 399; 39 L. R. A. 765; 63 Am. St. Rep. 721].

*Booth, Keating, Peters & Pomerene,* for defendants.

**POWELL, J.**

On and prior to August 25, 1888, the Columbus & Hocking Iron and Coal Company was the owner in fee simple of a tract of land in this county, known and described as out-lot number one (1) in the village of New Straitsville, Ohio, and containing between four and five acres of land. On that date the said the Columbus & Hocking Iron and Coal Company executed its deed of conveyance to Thomas Curtiss, conveying to him the surface of said premises. The description of the property conveyed, as contained in the granting clause of said deed, is as follows:

"All of the surface except the timber on the tract of land described as follows: out-lot No. one (1) of the village of New Straitsville, Ohio, as the same is known and designated on the recorded plat of said village, recorded in the recorder's office of Perry county, Ohio."

Perry County Circuit.

Afterwards the rights of Thomas Curtiss in said lands were conveyed by him to the defendant, Peter Curtiss, who was the owner thereof at the commencement of this action. A few days after the petition had been filed, the defendant, N. L. C. Kachelmacher, purchased the interest of the defendant, Peter Curtiss, in said lands and on his motion was made a party defendant to this action.

The plaintiff, Chartiers Oil Company, is the owner by proper conveyance from the Columbus & Hocking Coal and Iron Company, of the oil and gas underlying said tract, and brought this action for a mandatory injunction to compel the defendants to permit it to enter upon the surface of said out-lot No. 1 to explore for oil and gas that may exist under the surface, and to give it, the said plaintiff, the right to do whatever may be necessary to produce and market any oil and gas that may be found to underlie said lands.

It is the settled law of Ohio that different estates may exist in the same real estate. The surface may belong to one owner, and the minerals underlying it may belong to other and different owners. *Burgner* v. *Humphrey*, 41 Ohio. St. 340; *Gill* ∴. *Fletcher*, 74 Ohio St. 295 [78 N. E. Rep. 433; 113 Am. St. Rep. 962]; 20 Am. & Eng. Enc. Law (2 ed.) 771, 773, and authorities there cited.

The question here presented is whether or not the owner of the surface only can be required to permit access to such surface by the owner of a lower stratum, for the purpose of producing and marketing the minerals that may be found in such lower stratum.

There is no reservation in the deed or grant to Thomas Curtiss of any right to enter upon the surface and explore for gas or oil, nor of access through the surface to any minerals that may lie below. In such circumstances, can the owner of the surface be compelled by a court of equity to permit the owner or owners of the underlying strata to penetrate or drill through the surface for the purpose of developing or mining the minerals that may be found to exist in such underlying strata?

It is settled in Ohio that the surface of lands lying above a stratum that can be mined out, is entitled to subjacent support.

Oil Co. v. Curtiss.

That is, the coal or other mineral underlying lands can not be mined out and removed without leaving sufficient support below to prevent the caving in or subsidence of the upper stratum. This right of support is a property right belonging to the surface and passes by a conveyance of such surface without an express grant to that effect. It is not an easement merely but a property right attaching to such surface, without either a grant or a reservation to that effect, and the same is a servitude on the lower estate, which can be enforced by the surface owner. This being true, does not the upper stratum or surface owe a reciprocal duty or servitude of access to the lower strata? The doctrine of mining rights would imply as much, and our own Supreme Court has granted similar relief to that sought in this action, where the subject of the controversy was gypsum or plaster instead of oil or gas, and where there was no reservation of a right of access except such as might be implied by a mining right. *Gill* v. *Fletcher, supra.*

But it is said mining rights are peculiar and exist by reason of necessity. What greater necessity can exist in the case of a mine, than exists in a case like this? There is no other way known by which the oil or gas under the earth's surface can be reached and produced for use or market except by drilling directly down through the earth's surface into the oil and gas bearing stratum. It is the opinion of the court that a right of access to the lower strata of the earth's crust is a property right attaching to such strata and passes by a conveyance of the same without an express grant to that effect, and is reserved by implication in a conveyance of the upper strata without an express reservation to that effect. It is not an easement merely but a property right in the estate itself, and is a reciprocal servitude to the right of support that attaches to the surface. It is analogous in principle to the way by necessity on the earth's surface, and to the doctrine of mining rights above referred to. In fact oil and gas in place are held to be mineral, so that mining rights might well attach to them for the benefit of the owner of the same. These rights of necessity are, however, subject to such various modifications as may be necessary for the complete enjoyment of the different estates conveyed. The law implies a

single way of necessity upon the earth's surface, where such necessity· exists, yet a right of access to underlying minerals. would only be restricted in number to so many as would be necessary for a reasonable development of the territory where such right of access exists. The rule of necessity for a reason-- able development of the oil and gas territory is the rule that would prevail.

"The owner of the surface can not bore where he pleases or as often as he pleases. The right of designating the reasonable location of the one right of way by necessity, which the law recognizes, has always been held to be in the owner of the land. If he refuses to designate such way, then the owner of the right of way can designate it, or can apply to. the court to have it located." *Chartiers Block Coal Co.* v. *Mellon,* 152 Pa. St. 286 [25 Atl. Rep. 597; 18 L. R. A. 702; 34 Am. St. Rep. 645].

The language quoted applies with equal force to the owner of a lower stratum who has a right of access through the surface, with the additional right to have more than one way designated by the court where the same may be necessary for the reasonable development and production of the mineral owned.

These views are supported by numerous authorities, a few of which are the following: *Chartiers Block Coal Co.* v. *Mellon,* *supra; Marvin* v. *Brewster Iron Min. Co.* 55 N. Y. 538 [14 Am. Rep. 322]; *Henry* v. *Lowe,* 73 Mo. 96; *Williams* v. *Gibson,* 84 Ala. 228 [4 So. Rep. 350; 5 Am. St. Rep. 368]; *Gill* v. *Fletcher,* *supra; Kelley* v. *Oil Co.* 57 Ohio St. 317 [49 N. E. Rep. 399; 39 L. R. A. 765; 63 Am. St. Rep. 721].

The deed to Thomas Curtiss conveying to him the surface of out-lot No. one (1), conveyed to him only so much of said land as could be used for agricultural or residential purposes. *Mur-* *ray* v. *Allred,* 100 Tenn. 100 [43 S. W. Rep. 355; 39 L. R. A. . 249; 66 Am. St. Rep. 740]; *Stewart* v. *Chadwick,* 8 Iowa 463; 27 Cyc. 540; *Lillibridge* v. *Coal Co.* 143 Pa. 293 [22 Atl. Rep. 1035; 13 L. R. A. 627; 24 Am. St. Rep. 544]; *Williams* v. *Oil Co.* 52 W. Va. 181 [43 S. E. Rep. 214; 60 L. R. A. 795]; *Knight* v. *Coal & Iron Co.* 47 Ind. 105 [17 Am. Rep. 692].

This conveyance was a severance of the title to said lands, the grantee, Thomas Curtiss, ·obtaining title to the surface or

Oil Co. v. Curtiss.

upper stratum, while the grantor, the Columbus & Hocking Coal and Iron Company, retained all the right, title and ownership of the residue of said tract, and being all of the underlying strata of the same. By other conveyances the plaintiff became and now is the owner of the underlying oil and gas. These various estates are mutually dominant and servient. The conveyance of the surface to Curtiss reserved to the grantor a right of access to the estate below by an implied reservation. A servitude of access to the lower estate passed with such grant. The conveyance by which plaintiff derived title to the oil and gas carried with it by an implied grant, if not in express terms, a right of access to such oil and gas.

A servitude having been established to the lower estate, can the same be enforced by a mandatory injunction, as is sought to be done in this action? The Supreme Court has in several instances recognized the right and authority to enforce and regulate servitudes growing out of mining rights, to which the rights sought to be enforced in this action are analogous. *Pomeroy* v. *Salt Co.* 37 Ohio St. 520; *Gill* v. *Fletcher, supra.*

It was said by Justice Williams of the Pennsylvania Supreme Court in a minority opinion, in a case involving practically the same question sought to be determined in this action:

"We do not hesitate to enforce the servitude for support, whether subjacent or adjacent, or to regulate the extent and manner in which it shall be rendered and enjoyed. With equal propriety and with equal ease we may enforce the servitude for access and regulate the extent and manner in which it shall be rendered and enjoyed. The power of the chancellor would extend to all incidental subjects and enable him to impose terms as to the manner in which the owner of the lower estate should exercise his right of access, the precautions he should employ, and the compensation he should make for actual injury done." *Chartiers Block Coal Co.* v. *Mellon, supra.*

This seems to us to be a correct statement of the principle that is decisive of the question to be determined in this action. It follows that the plaintiff has the right to drill for oil and gas upon the lands of the defendants described in the petition, together with such right of ingress and egress upon the surface

of said lands as may be necessary for that purpose, and that the court has power to enforce such right in the manner sought to be done in this action. It would also have the right to a reasonable use of the surface on which to place derricks and other necessary machinery for drilling its wells. It ought not, however, have a right of storage upon this tract, other than as may be incidental to the immediate production and marketing of oil, as it has other adjacent lands on which such right of storage exists. It ought also to be limited in the number of wells it should be allowed to drill on said lands. The evidence discloses that two wells are now being drilled in on the same, and it ought to be permitted to complete these wells, and if it should be necessary for the more complete development of said territory, it should have the right to drill still another well on said tract, but not nearer than 400 feet from the north or west boundary lines of the same. The injunction allowed in the court of common pleas was properly allowed, and the motion to dissolve the same will be overruled, and such injunction will be continued in force subject to such modifications as we have indicated in this opinion. The question of damages to the surface will be left open for future determination or settlement. We think, however, that the plaintiff should pay the costs of this proceeding.

A decree may be drawn and entered in conformity with the views expressed in this opinion.

**Voorhees** and **Shields, JJ.,** concur.