The Bartlett Trust Company, Appellant, v. John A. Bishop, Respondent.*

Kansas City Court of Appeals. February 11, 1929.

*Corpus Juris-Cyc References: Mortgages, 42CJ, section 1456, p. 1001, n. 2.

*Culver, Phillip & Voorhees* for appellant.

*D. E. Adams* for respondent.

BLAND, J.—This is an action in unlawful detainer. The case was tried before the court upon an agreed statement of facts. Judgment was rendered in favor of defendant and plaintiff has appealed.

The facts show that in the year 1920 one Hooper was the owner of the land in controversy, which consists of one hundred and forty-four acres with a house and barns thereon in Caldwell county. On February 24, 1920, said Hooper executed a deed of trust to the Bartlett Brothers Land & Loan Company, to secure the debt therein described. This deed was duly recorded on March 2, 1920. The debt which the deed of trust secured was due on the 1st day of March, 1925. The interest on the debt was payable annually on the first day of each March. After the execution of the deed of trust and on March 2, 1920, Hooper conveyed the land to Walter C. Bartlett. On February 4, 1921, Bartlett conveyed the land to Perry and Lloyd Roberts, and the two Roberts' remained the owners of the land to the time of the foreclosure under the deed of trust, which was had on March 4, 1928. In the month of September, 1927, the defendant

leased the land from the two Roberts', for a term beginning March 1, 1928, and expiring one year thereafter. Defendant gave his negotiable promissory notes aggregating the sum of $800, payable January 1, 1929, for the rent for the whole term. These notes were negotiated by the Roberts' shortly after the date of the lease, and they are unpaid in the hands of third parties before maturity for value. The payment of the debt secured by the deed of trust was on February 13, 1925, extended to 1930. Default having been made in the payment of the taxes for 1928 and the interest due March 1, 1928, the holder of the debt secured by the mortgage declared the entire debt due, as it was authorized to do by the terms of the deed of trust, and the trustee sold the premises on May 4, 1928, to plaintiff.

The deed of trust contained the following provision, in reference to a possible foreclosure sale under it:

"And the said party of the first part does further covenant and agree that if such sale shall be made, whoever may be in possession of said premises at the time thereof, shall at once become the tenant or tenants at will of the purchaser at the monthly rental of one hundred sixty dollars, payable monthly in advance, and shall and will remove at any time thereafter upon one month's notice from said purchaser, without regard to any previous lease, contract or agreement, relating to the use or occupation of said premises."

On the day of the foreclosure sale plaintiff notified defendant to pay plaintiff the sum of $160 as rental and a like sum each month in advance so long as the defendant continued to occupy the land and that defendant was required to move from said premises upon a month's notice. On May 14, 1928, plaintiff demanded of the defendant that he quit possession of the land and surrender it to the plaintiff. Defendant refused to pay the $160 per month rent and refused to surrender possession of the premises to plaintiff, and this suit was instituted by plaintiff for unlawful detainer.

The evidence shows that the defendant had growing crops upon the land at the time of the foreclosure sale and he claims the right to possession of the land by virtue of the provisions of section 2234, Revised Statutes 1919, which reads as follows:

"MORTGAGES WITH POWER OF SALE.—All mortgages of real or personal property, or both, with powers of sale in the mortgagee, and all sales made by such mortgagee or his personal representatives, in pursuance of the provisions of such mortgages, shall be valid and binding by the laws of this State upon the mortgagors, and all persons claiming under them, and shall forever foreclose all right and equity of redemption of the property so sold: Provided, that nothing herein shall be construed to effect in any way the rights of a tenant to the growing and unharvested crops on lands foreclosed as aforesaid, to the extent of the interest of such tenant under the terms of contract

or lease between such tenant and the said mortgagor or his personal representatives. [R. S. 1909, sec. 2481.]

Plaintiff contends that by reason of the provision which we have quoted from the deed of trust defendant is not entitled to the growing crops, notwithstanding the provision of the statute, and that even if he be so entitled, that he is not entitled to the possession of the land. We are of the opinion that even though plaintiff be entitled to the growing crops upon the land (a question not necessary for us to decide), he is not entitled to possession of the land. The Legislature in enacting the proviso to section 2234 no doubt had in mind that the term of a tenant under a mortgagor is of uncertain duration and may be terminated unexpectedly by the defause of the mortgagor or the landlord and without any fault of the tenant. It, therefore enacted that if the mortgagor defaulted that the tenant should be entitled to the crops growing at the date of the foreclosure, in recognition of the principle of law that under ordinary circumstances a tenant is entitled to emblements where his term is of uncertain duration and is terminated by the act of God or operation of law or of an act of the landlord without the fault of the tenant. [See Bouvier's Law Dictionary, page 1006, Rawle's Third Revision; 36 C. J., 105; 2 Taylor's Landlord and Tenant, sec. 534.]

In reference to the statute under consideration it was said in Nichols v. Lappin, 105 Mo. App. 401, 404:

"Prior to the enactment in 1893 of the proviso in that statute, it was settled law in this State, as it is in most, that a purchaser at a sale foreclosing a mortgage or deed of trust, whether the sale was under a power conferred in the instrument or by virtue of a judicial decree, acquired the growing crops as against a tenant holding under a lease of later date than the incumbrance. [Reed v. Swan, 73 Mo. 100; Haydon v. Burkemper, 101 Mo. 644.] The proviso was appended to the above statute to protect tenants who happen to have growing crops when a foreclosure sale occurs, against losing the proceeds of their labor." [See, also, Reed v. Swan, 133 Mo. 100; Citizens State Bank v. Knott, 199 Mo. App. 90, 94.]

Prior to the enactment of the proviso of the statute the purchaser at a foreclosure sale was entitled to the possession of both the land and the crops. The only change made by the proviso is that the purchaser does not acquire the title to the emblements to the extent of the interest of the tenant under the terms of his lease, but as the statute says nothing about the title and right of the purchaser to the possession of the land on which the crops are growing they remain as they were before the proviso was enacted. Defendant had no right in the premises after foreclosure except that given him by the proviso of section 2234. [Johnson v. Murray, 289 S. W. 977, 982; Farmer's Bank v. Bradley, 315 Mo. 811, 815, 816.]

It is well settled that the right to the tenant to the emblements or growing crops does not justify him in withholding possession of the land from the owner and he is guilty of unlawful detainer in so doing. [Dale v. Parker, 143 Mo. App. 492, 494; Stoddard v. Hewitt, 30 Ark. 156; 36 C. J. 61, 67.] His right is nothing more than that of ingress and egress for the purposes of his crops.

We are therefore of the opinion, regardless of the provision in controversy of the deed of trust, that plaintiff had a right to demand possession of the premises of the defendant on May 14, 1928. The action of the court in rendering judgment for the defendant was improper. The judgment is reversed and the cause remanded. *Arnold, J.*, concurs; *Trimble, P. J.*, absent.

