JOHN WAINSCOTT, Respondent, v. EARLE B. KEL-LOG, Appellant.

Kansas City Court of Appeals, June 4, 1900.

Statute of Frauds: AGREEMENT TO SELL: RECEIPT AND ACCEPTANCE. An oral agreement to purchase in the fall the cane which plaintiff might raise on a certain tract of land is within the statute of frauds and the fact that defendant received a lot of said cane and rejected the same will not take the agreement out of the statute, since there must be both a receipt and an acceptance.

Appeal from the Chariton Circuit Court.—*Hon.. O. F. Smith,* Special Judge.

REVERSED.

*Crawley & Son* for appellants.

(1) The agreement (as plaintiff by his first and second instructions concedes) is clearly within the statute of frauds relating to contracts for the sale of goods, wares and merchandise. Pratt v. Miller, 109 Mo. 78. (2) The work and labor contemplated by said agreement being imposed by Wainscott upon himself, in order that he might be able to perform the contract of sale, it follows that whatever time was expended and work done in producing said crop, was for his own benefit, and can not be considered as a part performance by Wainscott of his undertaking to Kellog.

*U. A. House* and *A. W. Mullins* for respondent.

(1) By their acts and directions to the plaintiff, whereby they delayed him from cutting and delivering his crop, the defendants waived their right to complain of the damaged and frozen condition of the cane, or to refuse to receive it for that reason. And the offer by plaintiff to cut and deliver the cane before it was frozen or damaged, and when it was matured and ripe, and in good condition for delivery, satisfied the legal requirements of the contract as to delivery, and the plaintiff was entitled to recover. Stumpf v. Mueller, 17 Mo. App. 283, 290; Dobbins v. Edmonds, 18 Mo. App. 307; Lumber Co. v. Warner, 93 Mo. 374; Pond v. Wyman, 15 Mo. 175; Halpin v. Manny, 57 Mo. App. 59; Young v. Hunter, 6 N. Y. 203; Underwood v. Ins. Co., 57 N. Y. 500; Tiedeman on Sales, sec. 98, p. 144. (2) "When the seller has performed all that is required of him by the terms of the contract, and delivery alone remains to be made, the

property vests in the buyer so as to subject him to the risk of any accident which may befall the subject-matter of the sale." Williams v. Evans, 39 Mo. 201, 204; Sigerson v. Kahmann, 39 Mo. 206; Stumpf v. Mueller, 17 Mo. App. 291.

ELLISON, J.—Defendant, being a manufacturer of syrup, agreed with plaintiff in the spring to purchase, the following fall, the cane which plaintiff should raise on six or eight acres of ground. The cane was ripe and ready for delivery in September, when plaintiff offered to cut and deliver. Defendant not being ready to take the cane, his mill being for the time overcrowded, put plaintiff off by telling him to wait until he was notified. Defendant did notify plaintiff October 8, that he was ready to receive it. But the night of the eighth the cane was frozen, so as to become worthless, by a sudden and severe change of the weather. Plaintiff nevertheless proceeded to cut it and haul one load to defendant, which the latter refused to accept. Nothing was paid by defendant and the contract was not in writing.

The judgment was for plaintiff. At the close of plaintiff's case defendant offered a demurrer, which was refused.

Plaintiff seeks to take the case out of the statute of frauds as shown, by his instructions, by reason of the delivery of one load of the cane. The defendant's instructions, given by the court, also place the case within the statute and declare the contract of no avail unless there was a receipt and acceptance as is provided by the statutes (R. S. 1889, sec. 5187).

The demurrer to the evidence should have been sustained, and not having been, the verdict was manifestly for the wrong party under the instruction which was given for defendant. While according to the testimony given by plaintiff in his own behalf there may have been a receipt by defendant of part of the cane, there was no acceptance. Under the terms of the statute aforesaid, there must be both a

receipt and an acceptance. Browne on Statute of Frauds, sec. 316d. Defendant not only did not accept the cane offered but affirmatively refused to do so. In the view which we have taken the authorities cited by plaintiff are not in point.

The judgment will be reversed. All concur.