WILLIAM F. DAVIS, Respondent, v. WILLIAM H. CRAMER, Appellant.

Kansas City Court of Appeals, May 3, 1915.

1. **CONTRACTS: Construction: Deed: Merger.** Defendant contracted in writing to sell plaintiff his farm and also his share, as landlord, in the crop of the current year, agreeing to close the deal by October 1. When the sale was consummated defendant executed a deed to the land, and, as a part of the same transaction, signed and delivered a written instrument assigning to plaintiff his one-half interest as landlord in the crop of corn. It turned out that he had no interest in the crop but could only demand money rent. Defendant notified plaintiff

that he must look after the collection of the rent himself. Plaintiff did so but the rent was not equal in value to one-half the corn crop. Plaintiff thereupon sued defendant for the difference between the money he got and the value of the one-half of the corn crop on the breach of the defendant's warranty of title to said one-half of the crop. *Held,* that there was a sale of two things, a farm which was realty and one-half of the corn crop which was personalty, and that when the deed was executed it pertained merely to the farm, and the deed and assignments were but separate parts of one and the same transaction, each operating in its own sphere and neither trenching upon nor contradicting the other. Consequently, the execution of the deed was not a merger of all antecedent terms and elements of the contract.

2. ———: **Sales: Warranty of Title.** The statement, in a written assignment of a vendor's interest in a crop of corn, that he owns a one-half interest is a warranty of title and can be so declared as a matter of law where the assignment is admitted to have been executed by the assignor. Any clear unequivocal affirmation of title is sufficient to constitute a warranty thereof. The assertion of ownership or title to a thing is the assertion of a fact and is not to be classed with statements made in praise of an article. And if it is a clear express warranty the maker will not be permitted to escape liability therefor by saying he did not intend it to be such.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Frank Petree* and *Cook, Cummins & Dawson* for appellant.

(1) Plaintiff's instruction number 1 is erroneous, because it directs the jury that they may consider the alleged warranty contained in the notice to the tenant, as a part of the contract of sale of the land. Wood v. Murphy, 47 Mo. App. 539; Brauckman v. Leighton, 67 Mo. App. 245; Hobein v. Freick, 9 Mo. App. 263; Wheelan v. Toebner, 71 Mo. App. 361; Miees v. Summerville, 85 Mo. App. 183; State ex rel. Yoeman v. Hoshaw, 98 Mo. 358; Morgan v. Porter, 103 Mo. 135;

Davidson v. Manson, 146 Mo. 608; Corrough v. Hamill, 110 Mo. App. 53. (2) The said instruction number 1 is erroneous, because it directs the jury that the use of the words, "being one-half the corn in the field," in the notice to the tenant "as a matter of law constitutes an affirmation and warranty on the part of said Cramer, that he was at the time the owner as landlord of one-half of whatever corn was in the field on the premises." Ransberger v. Ing, 55 Mo. App. 621; 35 Cyc. 374. (3) Defendant's refused instructions 3 and 4 should have been given, because they contain the correct doctrine, that whether or not defendant warranted that his contract of rent was for one-half of the growing crop was a question for the jury to determine, and not for the court, as that question might be determined by all the facts and circumstances in the case, as these would tend to throw light on the real intention of the parties at the time of the sale of the land. 35 Cyc. 381, 390, 393, and 395; Ransberger v. Ing, 55 Mo. App. 621.

*Shinabarger, Blagg & Ellison* for respondent.

TRIMBLE, J.—Appellant, in 1907, contracted in writing to sell respondent his farm in Holt county, Missouri, and also his share, as landlord, in the crop of that year which had been grown thereon by the tenant. The price of said farm and one-half its crop was $5000 to be paid by October 1st.

Thereafter, and within the specified time, the parties met and the money was paid. Appellant executed a deed conveying the land to respondent and, as a part of the same transaction, signed and delivered to him a written instrument reciting that "Having sold to Mr. W. F. Davis my farm (describing it) I hereby assign to him, the said W. F. Davis, all of my right, title, and interest in and to all the rent that is due me for this year (being one-half the corn in the field) and

is entitled to all my interest that I may have in the crop on the said farm."

But when respondent went to get his one-half of the crop, the tenant denied that he owed grain rent and insisted that he was to pay in money the reasonable rental value of the farm for that year. It seems that the farm for several years previous had been overflowed by the Missouri river, and as it was problematical what could be raised, the owner had agreed with the tenant that he should pay as rent whatever was right. This year it had produced an unusually heavy crop of corn, so that one-half of that crop was very valuable, much more than the reasonable and ordinary monetary rental value of the farm.

Being unable to get possession of one-half the crop which he had bought, respondent saw appellant about it, and the later tried to convince the tenant that he had agreed to give one-half grain rent. He was unable to convince him, however, and finally on November 29, 1907, appellant wrote respondent saying "I realize I sold you the farm in August, 1907, . . . and that I also assigned to you all of my one-half interest in the corn crop, . . . and now I hereby notify you that I expect you to look after your interest in connection with the rent etc."

Upon receiving this letter, respondent sued the tenant in two counts, one for one-half of the crop and the other for the reasonable money rent of the farm. The tenant's contention that he did not owe one-half grain rent was upheld, but respondent recovered $190 money rent on the second count. Thereupon respondent brought this suit against appellant alleging that the reasonable value of one-half of the corn crop for 1907, the title to which appellant had warranted to him, was $900 and paying for the recovery of the difference between that amount and the $190 he did obtain. Upon a trial the jury gave him a verdict of $632.20.

188MA46

Appellant's main complaint is that the court erred in submitting to the jury the question whether the warranty contained in the assignment of the crop was a part of the respondent's contract of purchase. The theory of this objection is that the purchase contract, while providing for the purchase of the farm and also for the purchase of appellant's interest in the crop, contained no statement as to what that interest was and hence contained no warranty, and that when the deed was executed in consummation of that contract it merged into it all antecedent terms and elements of the contract, and unless a warranty of the vendor's title to the crop appears in the deed, no action can be based upon a warranty contained in any instrument outside thereof. The deed was not put in evidence, and, for aught we know, may have contained the element which appelant says must be in there to be effective. The crop would not pass to the vendee merely by virtue of a deed to the farm because the possession of the farm was in a tenant whose possession continued long after the crop's maturity, and all the evidence shows the land was sold subject to the tenancy. We may, therefore, indulge in the presumption that a reservation concerning it was made in the deed. Consequently, the crop did not pass to respondent as part of the realty. [Farris v. Hamilton, 144 Mo. App. 177.] In addition to this, the crop in question was an annual crop, yearly planted and raised, belonging to the class as *fructus industriales,* and was therefore capable of being treated as a personal chattel. [Garth v. Caldwell, 72 Mo. 622, l. c. 627; Swafford v. Spratt, 93 Mo. App. 631; Glass v. Blazer Bros., 91 Mo. App. 564.] And the parties in making the original executory contract of sale treated the crop as such, and had considerable prior negotiations as to whether appellant should sell the crop or not. The original contract provided for the sale of two things, first, a farm, which

was realty, second, an interest in a crop, which was personalty. These were clearly treated as separate articles of property. Such being the case, the execution of the deed conveying the realty would not be a full performance of the contract and would not merge that part of the executory contract requiring the turning over of the other subject of purchase, to-wit, the personalty. [Wilson v. Wilson, 115 Mo. App. 641, l. c. 649.] The original executory contract provided for the sale of these two different subjects of property. Afterwards when the parties met to close the trade a deed was executed to convey the land and an assignment was made to transfer the title to the personalty, and in this written assignment it is expressly asserted that the vendor's title is an ownership of one-half of the corn. In such case, the deed is not exclusive and all comprehending, but the two instruments are but separate parts of one and the same transaction each operating in its own sphere and neither trenching upon nor contradicting the other. [Harbold v. Kuster, 44 Pa. St. 392; Shelby v. Chicago and Eastern Illinois R. Co., 143 Ill. 385, l. c. 398; Daty v. Sandusky Portland Cement Co., 91 N. E. 569; Lewis v. Curnutt, 130 Iowa, 423; Cooper v. Kennedy, 86 Neb. 119, l. c. 122; Brown v. Bowen, 90 Mo. 184, l. c. 190; Boggs v. Pacific Steam Laundry Co., 171 Mo. 282, l. c. 290.] Indeed, the instrument conveying the corn seems to show on its face that it was intended as a companion instrument to the deed and was executed in consummation of a distinct part of the original contract. The question, however, of whether the warranty was made as a part of the contract of sale and formed part of the consideration therefor was submitted to the jury, and the evidence amply sustained the finding on this point.

Appellant admitted having signed and delivered to respondent the instrument wherein he said "I hereby assign to him, the said **W. F. Davis**, all my right,

title, and interest in and to all the rent that is due me for this year. being one-half of the corn in the field." The trial court, therefore, instructed the jury that this was admitted and that this language, as a matter of law, constituted "an affirmation and warranty on the part of said Cramer, that he was, at the time, the owner, as landlord, of one-half of whatever crop was in the field on the premises referred to in evidence; etc." Appellant complains of this and says that the above language cannot, as matter of law, be considered a warranty of title, but that it should have been left to the jury to say whether appellant intended it as a warranty or not. His claim is that, although at the time of the making of the original contract, and the execution of the two instruments in consummation thereof, he thought he owned one-half of the corn, yet the statement of that fact was but a mere expression of opinion and not intended by him to be a warranty.

It is not easy to see how an assertion as to one's ownership or of title to a thing can be regarded as a mere expression of opinion. Undoubtedly one may praise the quality or condition of a thing he is selling because these are matters which may well rest in the domain of opinion, but *ownership* is a fact, and a statement asserting ownership is the statement of a fact. It is undisputed that respondent relied upon the statement in making the purchase. "Any affirmation of fact . . by the seller relating to the goods is an express warranty if the natural tendency of such affirmation is to induce the buyer to purchase the goods and if the buyer purchased the goods relying thereon." [Williston on Sales, p. 245.] The same author at page 251 says, "A positive representation of fact is enough to render him (the seller) liable. The distinction between warranty and representation, which is important in some branches of the law, is not appro-

priate here. The representation of fact which induces
a bargain is a warranty.''

No particular form of words is necessary to con-
stitute an express warranty. Any clear, unequivocal
affirmation of title is sufficient. [30 Am. & Eng. Ency.
of Law (2 Ed.), pp. 129, 136; Danforth v. Crookshanks,
68 Mo. App. 311; Burns v. Limerick, 178 Mo. App. 145.]
While express warranties of title are infrequent be-
cause of the rule of implied warranty in a sale of per-
sonalty, yet the same rule applies to express warran-
ties of title as in case of other express warranties. [30
Am. & Eng. Ency. of Law (2 Ed.), 133; Burgess v.
Wilkinson, 13 R. I. 646.] In the case before us the
vendor was not in posession of the property sold, and,
under such circumstances, an assertion of ownership
on the part of the vendor is a warranty of title. [Hun-
tingdon v. Hall, 58 Am. Dec. 765, l. c. 766; Strong v.
Barnes, 11 Vt. 221.] The warranty herein considered
apears in a written instrument the execution of which
is admitted. Its construction, therefore, was a matter
of law for the court to determine. [15 Am. & Eng.
Ency. of Law (2 Ed.), 1213; Osgood v. Lewis, 18 Am.
Dec. 317.] It being incorporated in a written instru-
ment the maker of such warranty cannot be permitted
to deny it, or to destroy its effect, or to limit its scope,
by parole testimony any more than he could any other
of its terms. [Bates County Bank v. Anderson, 85
Mo. App. 351, l. c. 356.] "If the contract be in writing
and it contains a clear warranty, the vendor will not
be permitted to say he did not intend what his lan-
guage clearly and explicitly declares." [Hawkins v.
Pemberton, 51 N. Y. 198; Fairbanks Canning Co. v.
Metzger, 118 N. Y. 260, l. c. 265.] Not only did the
written instrument of assignment clearly and explicitly
state an express warranty of title, but the letter appel-
lant wrote respondent therafter in which he says "I
realize I sold you the farm . . . and . . . all of

my one-half interest in the corn crop'' shows beyond question that appellant made an express warranty of title to one-half of the corn crop.

Other questions are raised, but they are either included in and disposed of by the foregoing, or else they are not in the case because not pleaded in the answer nor raised at any time during the trial.

The judgment is, therefore, affirmed.   All concur.