320 S.W.2d 597 (1959)
In the Matter of the ESTATE of Hannah Drake NORTH, Deceased.
H. Parker YORK, Executor, Respondent,
v.
Hazel JACKSON and Lewis Drake, Claimants-Appellants, in an Action to Discover Assets, Appellants.
No. 22908.
Kansas City Court of Appeals. Missouri.
February 2, 1959.
*598 J. B. Smoot, Memphis, J. Andy Zenge, Jr., Canton, for appellants.
H. Parker York, Kirksville, for respondent.
MAUGHMER, Commissioner.
The contest in this suit is between the life tenant's executor and the remaindermen as to ownership of the proceeds from the sale of the landlord's share of corn and soybeans which were growing crops on the date of the life tenant's death.
This suit started as a proceeding by the executor in the Probate Court of Schuyler County to discover assets. Harley L. Kerr, d/b/a Kerr Grain and Seed Company, and William and Robert Holton appeared, with counsel, as citees in the probate proceeding. Ira North, an heir of the life tenant, also appeared by counsel. The status of these parties will be fully developed hereinafter. Although some evidence was heard, the material facts were proved by a signed stipulation filed. There is no factual dispute. The probate court found for the executor. The matter was appealed to the circuit court and there tried without a jury, the cause being submitted on the stipulation of facts and transcript of testimony heard in the probate court. The circuit court found for the executor and entered its judgment and decree, directing that such proceeds totaling $2,962.71, which were in the hands of stakeholders, be paid to the executor. Appellants, the remaindermen, and claimants filed motion for new trial, which was overruled, and then duly appealed.
We summarize the undisputed facts: Hannah Drake North died on June 29, 1956, and at the time of her death was the owner of a life estate in a 240 acre farm in Schuyler County, Missouri. Appellants Hazel Jackson and Lewis Drake were the fee simple owners of said farm, subject to the life estate. On October 18, 1955, the life tenant's guardian, in writing, leased the farm for the 1956 farm year to William and Robert Holton for crop rent, namely, *599 one-half of all corn and one-third of all soybeans produced. Pursuant to said lease the farm tenants planted the corn and drilled or sowed the soybeans between May 10 and June 1, 1956. The landlord's net share of the corn crop was purchased by the Kerr Grain and Seed Company, Memphis, Missouri, amounts to $1,665.23, and this sum is being held by the purchaser. The landlord's share of the soybeans, amounting to $1,297.48, was sold by the farm tenants and is on deposit in a special bank accountRobert and William Holton Special AccountBank of Downing, Missouri. Each of these citees or stakeholders disclaimed any interest in the funds and are ready to disburse these amounts upon final determination as to ownership.
The legal question for determination generally involves "Death of life tenant as affecting rights under lease executed by him". Our particular question and the sole issue here is: "When the life tenant leases the farm to a farm tenant for crop rent and dies after the crop is planted, but before maturity or harvest, is the life tenant's estate or the remaindermen entitled to such rent or the proceeds from the sale of such crops?"
As pointed out in the Annotation on this subject in 125 A.L.R., page 280: "* * * the courts have reached different conclusions, depending upon such matters as the application of the doctrine of emblements, the view taken in the particular jurisdiction as to the life tenant's interest in the growing crops, the nature of the crops as real or personal property, and special statutory provisions". It is quite widely held that although a life tenant may lease farm land, nevertheless, he cannot confer greater rights upon his lessee than those which he himself possessed, and that upon his death, the lease terminates. 171 A.L.R. 489. Matlack v. Kline, Mo.App., 190 S.W. 408; Shannon v. Hixson, Mo.App., 210 S.W.2d 410. In Missouri (and elsewhere) it is the rule that a sale of real estate with growing crops thereon, by warranty deed or through a partition suit, passes ownership of growing crops. 25 C.J.S. Crops § 6, page 7; Timothy v. Hicks, 237 Mo.App. 126, 164 S.W.2d 99, 104; Hayward v. Poindexter, 206 Mo.App. 398, 229 S.W. 256, 259; Elmore v. McNealey, Mo.App., 236 S.W. 381. In 25 C.J.S. Crops § 5, page 6, this rule is stated in this language: "The ownership of realty carries with it as an incident thereto the prima facie presumption of the ownership of both the natural products of the land, such as grass and trees, and the emblements, or annually sown crops, but such presumption is not conclusive. Thus, as a general rule, in the absence of an agreement to the contrary, crops raised on land are the property of the owner of the land, so long as there has not been a severance, either actual or constructive". In Missouri, annual growing crops may be treated as personalty and constructively severed. Davis v. Cramer, 188 Mo.App. 718, 176 S.W. 468; Farmers' Bank of Mt. Vernon v. Parker, 215 Mo.App. 96, 245 S.W. 586.
However, as stated in 125 A.L.R. 281, under the common law an actual farm operator, be he life tenant or lessee, shall not be prejudiced by sudden determination of the estate: "Therefore if a tenant for his own life sows the land and dies before harvest, his executors shall have the emblements or profits of the crop". In Woerner, The American Law of Administration, Third Edition, Vol. 2, page 909, we find the following explanation of the rule on emblements: "The reason of the rule is, that where the occupant of land has sown or planted the soil with the intention of raising a crop, and his estate determines without his fault before harvest time, he should not lose the fruit of his labor * * *". In Washburn on Real Property, Sixth Ed. Vol. 1, page 124, on Emblements, we find this statement: "If the owner of the land plant crops and then convey the estate to one for life, with remainder over in fee, and the tenant for life die before the crop is gathered, it will not go to the *600 personal representatives of the tenant for life, because he did not plant it; but to the remainderman as part of the inheritance". 15 Am.Jur. Crops, p. 225 states it this way: "Ordinarily the title to crops growing on leased premises is in the lessee, notwithstanding the lease is for share rent. Where this rule prevails, on the death of a landlord, who has only a life estate, between the sowing and harvesting of a crop, his executor or administrator takes nothing therein".
In 31 C.J.S. Estates § 41, page 48, this statement is made: "The life tenant is entitled to all the rents accruing from the property during the continuance of his estate, and to collect them himself without interference by the executor or remainderman. On the other hand, the life tenant is not entitled to the rent for the premises after the determination of the life estate". In the footnote thereunder, Illinois, Indiana and Kansas cases are cited, holding that on death of life tenant before any share of his crop is due, the rent goes to the remainderman. A Nebraska court ruling contra is also cited.
The probate court based its finding upon two Missouri cases, namely, Garth v. Caldwell, 72 Mo. 622, and Dale v. Parker, 143 Mo.App. 492, 128 S.W. 510. The first case held that "corn in the stalk" is subject to replevin, that such crop is fructus industriales, is a personal chattel, and may be sold by oral contract, without regard to whether the crop was growing or matured. It should be quickly apparent that there is a difference in the interest transferred through sale or pledge by the owner of the fee and a sale or pledge by a mere life tenant. The fee owner could mortgage even the land itself and it would remain valid after his death, whereas if the life tenant did so, the rights of his transferee would terminate contemporaneously with termination of the life estate. The second case applies the doctrine of emblements as to the farm tenant.
In his brief the executor invites our attention to four Missouri cases: To Swafford v. Spratt, 93 Mo.App. 631, 67 S.W. 701, which applies the rule as to emblements, and permits a tenant who has planted the crop to receive the fruit of his labor. To Glass v. Blazer Bros., 91 Mo.App. 564, holding that the sale by the farm owner and operator of a growing crop of flax was valid and binding, the growing crop being regarded as personal property for this purpose. To Davis v. Cramer, 188 Mo.App. 718, 176 S.W. 468, which holds a deed to a farm, in possession of a tenant, does not convey the crop, although seller would be held on his sales contract purporting to sell a half interest in the crop, and to Bartlett Trust Co. v. Bishop, 222 Mo.App. 1086, 14 S.W.2d 5, which holds that mortgagee, after foreclosure, is entitled to possession of the land although the farm tenant is entitled to enter and harvest growing crops. Neither of these cases presents or decides our exact question.
Section 441.160, V.A.M.S. reads: "The executors or administrators of any tenant for life, who shall have demised any lands or tenements so held, and shall die on or before the day when any rent on such demise shall become payable, may recover (1) If such tenant for life die on the day, the whole rent; (2) If he die before the day, such proportion of the rent as shall have accrued before his death". Webster's New International Dictionary, Second Edition, gives us this definition for the meaning of the word "accrue" as used in law: "To come into existence as an enforceable claim; to vest as a right; as, a cause of action has accrued when the right to sue has become vested".
The doctrine of emblements arose to permit the actual sower to reapthe actual tiller to harvest. As a theory it is rooted in equity. Farm lands are rented for a farm year. The principle of apportionment of rent regardless of accrual date has much appeal to the sense of fairness and reason. Many states by statute have adopted *601 and applied this principle, but Missouri has not done so. Our statute (Sec. 441.160, supra) provides for determination of rent entitlement of a life tenant or his representative on the basis of accrual. We cannot construe the word "accrued" as used in the statute as meaning "apportionment".
Whatever the holdings in some jurisdictions may be, we believe that the Missouri decisions (as in many other states) hold that when title to and right to possession of real estate passes without any reservation or restriction, by sale or by operation of law, that ownership of growing crops also passes subject only to the farm tenant's right to harvest his share, and that unaccrued rent in the form of growing crops or not yet due cash rent also passes. Any lingering doubt that such is the law in this state is washed away by the provisions of Section 441.160, supra. We believe this statute says, in effect, that if a rent note matures or rent-paying date arrives while the life tenant lives, such rent belongs to him or to his personal representativeotherwise to the remaindermen. If the rent contract (as in this case) calls for a share of matured and harvested crops, then such crop rent has not accrued nor is it payable while the crop is growing and unmatured and upon death of the life tenant, belongs to the remaindermen rather than to the life tenant's personal representative. It follows and we hold, that the court erred in entering the judgment and decree in favor of the respondent executor.
Therefore, the judgment and decree is reversed and the cause is remanded with directions to enter a judgment and decree as follows: (1) That H. Parker York, executor of the estate of Hannah Drake North, deceased, take nothing by this proceeding to discover assets; (2) That the remaindermen Hazel Jackson and Lewis Drake be decreed and declared to be owners of the crop rent proceeds here in controversy; (3) That the said Hazel Jackson and Lewis Drake have judgment entered in their favor against Harley L. Kerr, d/b/a Kerr Grain and Seed Company, citee herein, for the sum of $1,665.23 and against William and Robert Holton, citees, in the sum of $1,297.48; (4) That the costs be taxed against H. Parker York, executor of the estate of Hannah Drake North, deceased.
SPERRY, C., concurs.
PER CURIAM.
The foregoing opinion by MAUGHMER, C., is adopted as the opinion of the court. All concur.