PARKVILLE BENEFIT ASSESSMENT SPEC. ROAD DIST., Appellant,

v.

PLATTE COUNTY, et al., City of Houston Lake, et al., City of Kansas City, MO, City of Parkville, MO, Respondents.

No. WD 50384.

Missouri Court of Appeals, Western District.

July 25, 1995.

Application to Transfer Denied Oct. 24, 1995.

Major W. Park, Jr., Kansas City, James W. Farley, Platte City, for appellant.

Robert Harold Shaw, Platte City, for respondent Platte County.

Don Witt, Platte City, for respondent City of Houston Lake.

Sharon K. Euler, Kansas City, for respondent City of Kansas City.

Gregory M. Bentz, Kansas City, for respondent City of Parkville.

Before FENNER, C.J., P.J., and KENNEDY and SMART, JJ.

FENNER, Chief Judge.

The Parkville Benefit Assessment Special Road District ("Road District") appeals the order of the circuit court granting summary judgment to respondents in a declaratory judgment action regarding the allocation of road and bridge taxes between special road districts, counties, cities, towns, and villages pursuant to §§ 137.555, 137.556, and 233.195, RSMo1994.

It is not disputed that Platte County became a county of the first class on January 1, 1993, and does not have a charter form of government. Prior to this time, road and bridge tax funds were allocated pursuant to sections 137.555 and 233.195.1, RSMo1986. Section 137.555 is the enabling statute for the special tax and provides the following:

> In addition to other levies authorized by law, the county commission ... in their discretion may levy an additional tax, not exceeding thirty-five cents on each one hundred dollars assessed valuation, all of such tax to be collected and turned into the county treasury where it shall be known and designated as "the Special Road and Bridge Fund" to be used for road and bridge purposes and for no other purpose whatever; provided, however, that all that part or portion of said tax which shall arise from and be collected and paid upon any property lying and being within any special road district shall be paid into the county treasury and four-fifths of such part or portion of said tax so arising from and collected and paid upon any property lying and being within any such special road district shall be placed to the credit of such special road district from which it arose and shall be paid out to such special road district upon warrants of the county commission ... and the one-fifth part retained in the county treasury may, in the discretion of the county commission, be used in improving or repairing any street in any incorporated city or village in the county....

The special road and bridge funds subject to section 137.555 are also subject to section 233.195.1, which provides:

> County commissions shall cause to be set aside and placed to the credit of each road

district so incorporated four-fifths of such part or portion of the tax arising from and collected and paid upon any property lying and being within any such district, by authority of § 137.555, RSMo. All revenue so set aside and placed to the credit of any such incorporated district shall be used by the commissioners thereof for constructing, repairing and maintaining bridges and culverts within the district, and working, repairing, maintaining and grading public roads within the district and paying legitimate administrative expenses of the district, and for such other purposes as may be authorized by law.

Acting through the County Commissioners, the county declared that effective December 1, 1993, it intended to distribute the special road and bridge tax revenues pursuant to section 137.556, which provides the following:

> Notwithstanding the provisions of section 137.555, any county of the second class which now has or may hereafter have more than one hundred thousand inhabitants, and any county of the first class not having a charter from of government, shall expend not less than twenty-five percent of the monies accruing to it from the county's special road and bridge tax levied upon property situated within the limits of an city, town or village within the county for the repair and improvement of existing roads, streets and bridges within the city, town or village from which such monies accrued.

The county interpreted section 137.556.1 to require it to allocate twenty-five percent of all special road and bridge tax money collected from assessed property within a city, town, or village to that city, town, or village. Thereafter, the remaining seventy-five percent of the funds would be distributed pursuant to sections 137.555 and 233.195.1.

The change in allocation was necessitated after the status of Platte County changed on January 1, 1993, bringing it within section 137.556.1. The net effect of the application of the new formula to apportionment of the road and bridge funds reduced the amount dispersed to the Road District from 80 percent (four-fifths) to 60 percent (four-fifths of

the remaining seventy-five percent after allocation pursuant to 137.556.1) of all special road district tax funds collected.

A declaratory judgment action was filed by the appellant Road District on December 1, 1993, seeking a resolution to the allocation dispute. Appellant filed a motion for summary judgment on May 4, 1994, alleging that respondents misconstrued the statutes in question in adopting the new policy. The Road District argued that the requirement that twenty-five percent of all special road and bridge tax money collected from property within a city be allocated to that city applied only to the one-fifth of the total funds collected after the Road District was allocated its four-fifths share pursuant to section 137.555. Respondents filed their motions for summary judgment on June 3, 1994, explaining their construction of the statutes in question detailed above. The circuit court granted respondents' motions for summary judgment and denied the Road District's motion on November 2, 1994. This appeal followed.

## I. STANDARD OF REVIEW

The Missouri Supreme Court provided an exhaustive analysis of summary judgment practice and review in its opinion in *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). Appellate review of summary judgments is essentially *de novo*. *Id.* at 376. The criteria on appeal for testing the propriety of summary judgment are no different than those which the trial court should have employed initially. *Id.* As the trial court's initial judgment is founded on the record submitted and the law, there is no need for the appellate court to defer to the trial court's granting of the summary judgment motion. *Id.* This is especially true in cases such as the one at bar where there is no real dispute as to any material fact; rather, the dispute revolves around the interpretation of the governing statutes.

## II. CONSTRUCTION OF §§ 137.555, 137.556, and 233.195 RSMo 1994

■ The cardinal rule of statutory construction requires the court to ascertain the true intention of the legislature, giving a

reasonable interpretation in light of the legislative objectives. *Wagner v. Jackson County Bd. of Zoning Adjustment*, 857 S.W.2d 285, 287–88 (Mo.App.1993). In determining the legislature's intention, the provisions of the entire legislative act must be construed together, and if reasonably possible, all the provisions must be harmonized. *Id.*

■ Section 137.555 as it reads today has been unchanged since 1945 and is a general statute that serves several purposes. First, it serves as enabling legislation, authorizing counties to levy an additional tax to be used for roads and bridges. This statute also provides limits on the amount of any such tax. Additionally, it provides that the tax shall be collected and turned into the county treasury. After these general parameters are set forth, the statute provides for the allocation of the funds collected to the special road districts and county.

Section 233.195.1, also unamended since 1945, is within the statutory chapter dealing with incorporated road districts and provides for the allocation of funds collected pursuant to 137.555. It further provides an explanation of the general type of work the money is to be used for by the road districts. This section makes no reference to funds allocated pursuant to section 137.556.1.

Section 137.556.1 provides a different provision for the allocation of road and bridge tax funds for qualifying counties. This provision specifically applies to the allocation of funds in qualifying counties *"notwithstanding* the provisions of section 137.555." Qualifying counties shall expend not less than twenty-five percent of the moneys *accruing* to it from the road and bridge tax for the repair and improvement of existing roads, streets, and bridges within the city, town, or village from which the moneys accrued. The crux of the dispute at hand lies within the interpretation of the terms "notwithstanding" and "accruing" within section 137.556.1 and the interplay of the section with 137.555.

The word "notwithstanding" is defined as "in spite of." [[WEBSTER'S NEW WORLD DICTIONARY] 974 (2d ed. 1986).] Appellant contends that the trial court held that section 137.556 should be read completely independently of section 137.555 given the "notwith-

standing" language in the statute. Appellant reasons that such an analysis is misplaced because section 137.555 authorizes the road and bridge tax that is the subject of section 137.556 and, therefore, section 137.556 cannot be read independently of section 137.555 without destroying the enabling statute for the tax. Appellant suggests that a more reasoned and rational interpretation of the "notwithstanding" language applies only to a portion of section 137.555.

Though we do not disagree with appellant's ultimate conclusion that the "notwithstanding" language applies only to a portion of section 137.555, we cannot agree with the assertion that the trial court held that section 137.556.1 should be read independently of section 137.555. Section 137.556.1 is a more specific statute than section 137.555, dealing only with the allocation and expenditure of road and bridge funds in qualifying counties. The "notwithstanding" language can only refer to that language in section 137.555 that deals with allocation and expenditure of road and bridge tax funds; the remainder of section 137.555, including the enabling language, is unaffected by section 137.556.1. This reading of section 137.556.1 allows harmonization with section 137.555 as the principles of statutory construction require when possible.

With regard to the term "accruing" as used in section 137.556.1, appellant contends that the only funds accruing to the county pursuant to section 137.555 are the one-fifth share of the moneys collected from assessments on property within the road districts allotted after the road district receives its four-fifths share and all of the moneys collected from assessments on property not lying within a road district. Appellant bases its position on what it states is the plain meaning of the word "accrue" as found in *In re Estate of North*, 320 S.W.2d 597, 600 (Mo.App.1959), which states that "accrued" means to "come into existence as an enforceable claim; to vest as a right." Appellant's reliance on this definition as the plain meaning of "accrue" is misplaced, as *In re Estate of North* dealt specifically with the interpretation of its meaning within RSMo § 441.160.

A more persuasive argument for the plain meaning of the term "accrue" is found in *St. Louis County v. University City*, 491 S.W.2d 497 (Mo. banc 1973), where the Supreme Court of Missouri construed the word "accrue" in section 137.558, a road and bridge statute dealing with refunds of amounts "accruing" to St. Louis County from a special road and bridge tax. In this context, the court determined that "accrue" was merely descriptive of any current tax obligation becoming payable. *Id.* at 500. This is consistent with definitions of accrue provided in Black's Law Dictionary 20 (6th ed. 1990), such as "acquired," "falling due," and "received" in addition to the definitions cited by appellant of "vested" and "due and payable."

The interpretation of the term "accrue" encouraged by respondent—that all funds collected pursuant to the road and bridge tax accrue to the county—is also consistent with the plain language of section 137.555 giving the *county* the authority to levy and collect the tax and providing for payment into the *county* treasury. Further, the county is the entity which could enforce payment of the taxes when due, not the special road and bridge district.

Additionally, the interpretation of the statute encouraged by respondent simply makes more sense than that set forth by appellant when the purposes of sections 137.555 and 137.556.1 are considered. Though section 137.555 provides the authority to levy the special road and bridge tax, section 137.556.1 seeks to assure that funds collected from assessments on property within a city, town, or village are spent on the roads of that city, town, or village that the taxpayers are likely to utilize. Given this purpose, it is more logical that the legislature intended for at least twenty-five percent of all of the funds collected from such assessments to be spent on roads in the corresponding city, town, or village, rather than twenty-five percent of the counties one-fifth share (or five percent total) as appellant argues. Appellant's argument that the purpose of section 137.556.1 is merely to limit the unfettered discretion of a county commission in expending its share of the road and bridge tax is unpersuasive.

■ Finally, appellant contends that the trial court erred in failing to consider the manner in which other counties interpret the statutes in question and in not giving due consideration to a letter from the State Auditor of Missouri regarding her interpretation of the statutory scheme. First and foremost, there is no evidence that the trial court failed to consider the evidence in rendering its decision, as affidavits from two county commissioners and a copy of the opinion letter from the State Auditor Margaret Kelly were included in appellant's motion for summary judgment. Further, the relevance of the letter from the State Auditor is lost on this court, as the auditor's office is not charged with the administration of the statutes in question. *Compare Muchisky v. Frederic Roofing Co.*, 838 S.W.2d 74, 76 (Mo.App. 1992) **(stating and citing precedent for the principle that the interpretation and construction of a statute by an agency charged with its administration is entitled to great weight).** The interpretations of other county commissions are entitled to no more weight than the interpretation of the Platte County Commission in the case at bar. Appellant's arguments of error in this vein are without merit.

In determining how the statutes are harmonized, the court must look to the intentions of the legislature in enacting the various provisions. After reviewing and analyzing the statutory provisions in question, the specific language used in each section, and the decision of the trial court, it is this court's opinion that the trial court correctly interpreted the meaning and relationship between sections 137.555, 233.195.1 and 137.556.1. Section 137.555 provides the enabling language for the levy and collection of a special road and bridge tax. It also provides a general formula for allocation of funds collected pursuant to the tax. For qualifying counties, however, section 137.556.1 provides additional guidelines for allocation and expenditure of the road and bridge tax funds that take priority over the allocation formula provided in section 137.555. Section 233.195.1 applies only to those funds allocated pursuant to the formula in section 137.555 after funds have been allocated pursuant to section 137.556.1, as the

clear, plain language of section 233.195 indicates it does not apply to funds subject to the priority allocation of section 137.556.1.

The order of the trial court granting summary judgment in favor of respondents is affirmed.

All Concur.