STATE of Missouri, Respondent,

v.

Ralph E. BAILEY, Appellant.

No. WD 62740.

Missouri Court of Appeals, Western District.

Jan. 18, 2005.

Philip F. Cardarella, Kansas City, MO, for Appellant.

Deborah Daniels, Jefferson City, MO, for Respondent.

Before: NEWTON, P.J., LOWENSTEIN and HOLLIGER, JJ.

HAROLD L. LOWENSTEIN, Judge.

This appeal arises from a criminal conviction for felony stealing, Section 570.030.[1] At issue is the sufficiency of the evidence to support Ralph E. Bailey's ("Husband" or "Defendant") conviction for planting, cultivating, and harvesting wheat on his ex-wife's ("Wife") property. On appeal, Husband argues that the evidence adduced at trial failed to establish the *corpus delicti* of the crime of stealing and was insufficient to support a finding of guilt, as the wheat was his property as a matter of law.

STATEMENT OF FACTS

Husband and Wife were married for thirty-seven years. Upon dissolution,

their marital property was divided and awarded pursuant to the divorce decree. Wife was awarded sole ownership of the "Hannah Place," a 270-acre tract of farmland in Lafayette County. Following the award, and without Wife's permission, Husband planted, cultivated, and harvested wheat on the Hannah Place.

Upon discovering Husband's actions and becoming frustrated with the progress of civil remedies, Wife instituted a complaint which resulted in the filing of a criminal charge against Husband. Husband filed a motion to dismiss the stealing charge, alleging that the wheat on Wife's land was his property as a matter of law. Husband's motion was overruled. The case was then tried to a jury on two different occasions. The first case ended in a mistrial.

At trial, Husband's testimony from his civil contempt proceeding was read into evidence by the state. Husband offered no evidence. This testimony included admissions that Husband: (1) did not have permission to enter the land or harvest the wheat; (2) knew the tracts of land were awarded to Wife; (3) understood he was supposed to stay off the land; (4) understood the wheat was owned by Wife; and (5) acknowledged that he went onto Wife's land and removed the wheat. The verdict of guilty was returned. This appeal follows.

STANDARD OF REVIEW

Defendant argues that there was insufficient evidence adduced at trial to support a finding of guilt. "In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993) (quot-

---

1. All statutory references are to RSMo.1998 unless otherwise referenced.

ing *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989)). This court "accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary." *Id.*

## ARGUMENT

 Defendant contends that the State failed to prove the *corpus delicti* of stealing because it cannot establish all the requisite statutory elements. Section 570.030 provides that, "A person commits the crime of stealing if he or she appropriates property . . . of another with the purpose to deprive him or her thereof." Section 570.010 further states that property is "property of another" if "any natural person . . . other than the actor has a possessory or proprietary interest therein." He claims he had a possessory interest in the wheat he planted and ultimately harvested from Wife's land and, accordingly, argues that he cannot steal his own property. This argument is misplaced.

 The wheat harvested from the Hannah Place was real property belonging to Wife. "[O]wnership of realty carries with it . . . the prima facie presumption of ownership of both the natural products of the land, such as grass and trees, and the emblements, or annually sown crops, although such presumption is not conclusive." *In re Estate of North,* 320 S.W.2d 597, 599 (Mo.App.1959). As a result, "in the absence of an agreement to the contrary, crops raised on land are the property of the owner of the land, so long as there has not been a severance, either actual or constructive." *Id.*

In this case, Husband incorrectly focuses and places undue importance on the effect of severing crops from the land. He relies on *Dent v. Dent,* in which the Supreme Court of Missouri stated, "where one in possession of land, even as a mere trespasser, plants, cultivates and brings to maturity a crop and *severs* it from the soil, he thereby becomes the owner of the crop." 350 Mo. 560, 166 S.W.2d 582, 587–88 (1942) (emphasis added). The fallacy of Husband's reasoning, however, lies within his application of common law rather than the language of Missouri's statute for the crime of stealing.

Chapter 570, as set forth *supra,* authorizes prosecution for appropriating property in which another individual has a possessory interest. Here, the divorce decree awarded sole ownership of the Hannah Place to Wife, thereby giving her a possessory interest in the property. Husband concedes that he knew Wife owned the land and the wheat planted on the land, and that he did not have permission to enter upon the property and/or harvest the crop. By unilaterally removing the wheat from the ground and depriving Wife of all benefits received therefrom, Husband appropriated Wife's property. Consequently, there was sufficient evidence to convict Husband of stealing under Section 570.030.

## CONCLUSION

The proper inquiry under Section 570.030 is whether the property of another has been appropriated. In instances involving real property where an individual other than the owner removes a natural product of the land, the analysis remains the same. Therefore, because Husband harvested wheat planted on Wife's property without her permission, his conviction and sentence for criminal stealing must stand.

The judgment of the trial court is affirmed.

All concur.